**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

STEVON WARREN,

    Petitioner,

v.                                                                           Case No. 19-10437

J.A. TERRIS,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING
## PETITION FOR A WRIT OF HABEAS CORPUS

Stevon Warren, confined at the Federal Correctional Institution in Milan, Michigan, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner was convicted in the U.S. District Court for the District of Minnesota of one count of interstate transportation to engage in prostitution (18 U.S.C. § 2421) and one count of sex trafficking of a minor (18 U.S.C. § 1591). *See United States v. Warren*, 2017 WL 1014340, at *1 (D. Minn. Mar. 15, 2017).

The Eighth Circuit affirmed Petitioner's conviction and sentence on direct appeal. *United States v. Warren*, 491 F. App'x 775 (8th Cir. 2012) (per curiam). Petitioner filed a petition for post-conviction review in the District of Minnesota under 28 U.S.C. § 2255. The petition asserted: (1) the government failed to prove that Petitioner transported the victim across a state line; (2) a witness committed perjury; (3) the government introduced inflammatory evidence; and (4) Petitioner was denied the effective assistance of counsel. *Warren*, 2017 WL 1014340\ at *1. The court rejected each claim on the merits, and the Eighth Circuit denied Petitioner's application for a certificate of

appealability. *Id.* Petitioner recasts some of these claims in this action, claiming that he is "actually innocent" of the sex trafficking offense because the victim lied at trial and the trial evidence "prove[d] that [the victim] and police officers created the criminality." (ECF No. 1, PageID.16, 21.)

Federal courts can dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *Carson v. Burke*, 178 F.3d 434, 437 (6th Cir. 1999) (citation omitted). "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241." *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citations omitted).

A petition for writ of habeas corpus brought under 28 U.S.C. § 2241 does not provide for "an additional, alternative, or supplemental remedy" to the one provided by § 2255. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). A federal prisoner may challenge his conviction under 28 U.S.C. § 2241 only if he demonstrates that the post-conviction remedy afforded under § 2255 is "inadequate or ineffective" to test the legality of his detention. *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Petitioner has not shown that his remedy under § 2255 was inadequate or ineffective. Petitioner was given an opportunity to raise the claims presented in this action in his § 2255 proceeding. The fact that the court did not find Petitioner's arguments persuasive "is not enough to satisfy his burden of showing that his remedy under § 2255 is inadequate or ineffective." *See Brewster v. Perez*, 36 F. App'x 781, 783 (6th Cir. 2002). While Petitioner invokes the term "actual innocence" in his petition, a bare assertion of such does not entitle one to § 2241 review. His claim amounts to a

record-based challenge to the victim's credibility and the conduct of the prosecution. It is "not based on any new facts or law, [and] it was decided against [him] on the merits in a previous action." *Casey v. Hemingway*, 42 F. App'x. 674, 677 (6th Cir. 2002). Section 2241 does not provide an alternative basis for post-conviction review over a claim already rejected on the merits in a § 2255 proceeding. *Id.*

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

                s/Robert H. Cleland
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated: March 28, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 28, 2019, by electronic and/or ordinary mail.

                s/Lisa Wagner
                Case Manager and Deputy Clerk
                (810) 292-6522